18146

Martin L. CLINKSCALES, Respondent, v. Ann H. CLINKSCALES, Appellant

(134 S. E. (2d) 216)

*Frank Sawyer, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Rex L. Carter* and *Leo H. Hill,* of Greenville, *for Respondent,*

December 30, 1963.

BRAILSFORD, Justice.

The appellant, Ann H. Clinkscales, was awarded a divorce from the respondent, Martin L. Clinkscales, and custody of their children, two young girls, by a decree of the Court of Common Pleas for Anderson County dated June 12, 1961. Appellant moved from Anderson to Greenville, taking the children with her, and respondent brought this acction against her for the custody of the children in the Court of Common Pleas of Greenville County. The complaint alleges that appellant has been guilty of serious misconduct since the divorce and is not a fit and proper person to have custody of minor children. A rule to show cause why temporary custody should not be awarded to respondent was issued.

The appellant moved to dismiss the action upon the ground that the court by which the divorce decree was issued has continuing, exclusive jurisdiction of questions concerning the custody of the children. She also filed an "answer and return" by which she denied the jurisdiction of the court and pleaded in abatement that the divorce action was pending for the determination of questions touching the custody of the children.

The circuit judge refused to dismiss the action and awarded temporary custody of the children to respondent. The sole question involved on this appeal is whether the court erred in assuming jurisdiction.

In concluding that the action was properly brought in Greenville County, the circuit judge, relying upon *Danziger v. Shoob,* 203 Ga. 623, 48 S. E. (2d) 92, gave controlling weight to Sec. 10-303, Code of 1962, which fixes the venue of actions, generally, in the county of defendant's residence.

On analogous facts to those involved here, it was held in *Danziger v. Shoob, supra,* that the divorce court had no jurisdiction of a proceeding for the custody of children residing with the divorced wife in another county. However, the decision is not persuasive here because it rested on the absence of a Georgia statute vesting jurisdiction of future proceedings involving custody of children in the divorce court. Our statute, Sec. 20-115, expressly provides that the divorce court may "from time to time after final judgment" make such orders touching the care, custody and maintenance of the children of the marriage as may be fit, equitable and just.

We quote from *Re Blake,* 184 N. C. 278, 114 S. E. 294, in which a statute of like tenor was construed.

"Under our statute (section 6664, Consol. Statutes) a divorce suit is pending for the purpose of an order as to the custody of the children after as well as before final judgment: This statute expressly vests in the divorce court the power to award the custody of children, and from time to time to modify or vacate its orders, and the necessary implication is that this jurisdiction is exclusive."

The same rule was applied in *Williams v. Woolfolk*, 188 Va. 312, 49 S. E. (2d) 270, which involved analogous facts and a statute similar to ours, from which we quote:

"The exclusive and continuing jurisdiction of the court granting the divorce under section 5111 of the Code, *supra*, precludes another court of like jurisdiction from changing * * * the custody previously adjudicated." 49 S. E. (2d) 272.

* * *

"A contrary holding could result in conflict of jurisdiction, be productive of confusion and subversive of orderly procedure. * * * If the Circuit Court of Fredericksburg had authority to determine the custody of the child, so would any other court of similar jurisdiction in any county or city into which the minor child is taken. Litigation of the issue might well be repeated over a period of years, and result in one court in effect exercising appellate powers over the acts of another court of equal jurisdiction." 49 S. E. (2d) 273.

The rule applied in the North Carolina and Virginia decisions just referred to is supported by sound reason and the decided weight of authority elsewhere, 17A Am. Jur., Divorce and Separation, Sec. 845; 27B C. J. S., Divorce, § 303, pg. 424; *ibid.,* § 316 f., pg. 515; Annotation, 146 A. L. R. 1153; and we adopt it.

Reversed and remanded for dismissal of action.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.