19766

Bruce D. ADAMS, Appellant, v. Clarice June ADAMS, Respondent
(202 S. E. (2d) 639)

*George F. Townes, Esq.,* of Greenville, *for Appellant,*

*Felix L. Finley, Jr., Esq.,* of Pickens, *for Respondent,*

*George F. Townes, Esq.,* of Greenville, *for Appellant, in Reply.*

January 31, 1974.

LITTLEJOHN, Justice:

The complaint of the plaintiff, Bruce D. Adams, sought a divorce from his wife, Clarice June Adams, the defendant,

and requested the court to grant to the plaintiff custody of their two minor children. The answer and counterclaim prayed that the complaint be dismissed and that the defendant be awarded custody of the children. It also prayed for alimony for the defendant and support for the children, and for attorney's fees. The reply of the plaintiff to the counterclaim was a general denial.

The issues were tried before a special referee, who recommended a divorce on the ground of three years separation and recommended that custody of the children be given to the plaintiff. He also recommended that defendant's counsel be allowed no attorney's fees, and that the defendant be paid alimony in the sum of $50.00 per month.

The defendant excepted to the report of the special referee. Thereafter the issues raised by the exceptions were heard by the Honorable Frank Eppes, Judge of the Thirteenth Judicial Circuit. The judge disagreed with the referee in certain particulars, which has brought about this appeal. He rejected the recommendation of the referee that the children be granted in custody to the plaintiff and ordered that they be given in custody to the defendant; he further directed that the plaintiff pay $35.00 per week alimony and $40.00 per week child support, and directed that the plaintiff pay the defendant's attorney a $500.00 fee. He concurred with the referee in holding that a divorce be granted.

In this appeal the plaintiff argues that the court erred (1) "in awarding custody of the two children to the mother," (2) "in viewing the mother at the time the exceptions were argued and basing a finding upon such evidence," and (3) in making an "award of alimony and attorney's fees."

Apparently the defendant attended the hearing before the judge. In his order he commented that "[h]er general physical appearance then was good." The argument that the circuit court overruled the referee based on new visual evidence presented to him at the arguments is patently without merit.

The granting of custody of children, payment of alimony and child support, and awarding of attorney's fees are all matters largely within the discretion of the trial court. The paramount issue in all child custody cases is the best interest of the children.

This action is one in equity. The referee found that it was to the best interest of the children that custody remain with the father. The circuit judge, however, took a different view of the evidence and held that custody should be in the mother. Because of this conflict, this Court has made an independent determination of all factual questions raised. See *Pullen v. Pullen*, 253 S. C. 123, 169 S. E. (2d) 376 (1969).

After reviewing the evidence and the briefs, and hearing argument of counsel, we conclude that the trial judge correctly determined the issues. It would serve no purpose to recite evidence relative to the character, inclinations, and dispositions of the parties involved, nor to detail the home environment of the two litigants where the children would reside. Suffice it to say, we agree with the trial judge that it is in the best interest of these children that their custody be awarded to the defendant-mother. The amounts awarded for alimony, for child support, and for attorney's fees were matters of discretion for the trial judge and we find no abuse.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.