20177

Robert C. HECKLE, Respondent, v. Elizabeth B. HECKLE, Appellant.

(223 S. E. (2d) 590)

*Messrs. Bryant, Fanning & Yarborough,* of Orangeburg, *for Appellant,*

*Betty M. Sloan,* of Columbia, *for Respondent,*

*Messrs. Bryant, Fanning & Yarborough,* of Orangeburg, *for Appellant,* in Reply.

March 1, 1976.

Lewis, Chief Justice:

The issues in this appeal concern the respective rights of the respondent (husband) and the appellant (wife), now divorced, to the custody of their three year old daughter.

Appellant and respondent were married on September 7, 1968, and a daughter was born to the marriage on September 22, 1972. Marital difficulties subsequently developed and respondent instituted an action in the County Court for Orangeburg County for an absolute divorce on the ground of appellant's adultery and for custody of the child, with appellant filing a counterclaim for a divorce *a mensa et thoro,* custody of the child, alimony and child support. This action resulted in an agreement of the parties, pursuant to which an order was issued on June 24, 1974 declaring the parties legally separated and granting custody of the daughter (then two years of age) to appellant, the mother, with visitation rights to the respondent, father. The order of the county court further provided that "in all other respects, this action is dismissed without prejudice to the rights of either of the parties."

Thereafter, the present action was instituted on September 17, 1974 by the respondent in the Family Court for Orangeburg County upon the same grounds and seeking the same relief as sought in the prior action brought in the county court. The answer of appellant denied the allegations of misconduct and sought an increase in the amount of the child support payments. Appellant also moved to dismiss the action, in so far as it affected child custody, on the ground that the county court retained jurisdiction of the issue.

After hearings in the early part of December 1974, the Family Court granted a divorce to respondent upon finding appellant guilty of adultery, held that appellant was not entitled to alimony, refused to dismiss the action for child custody, and granted custody of the child to respondent, the father.

Appellant does not contest the decree of divorce nor does she seek alimony. However, she has appealed the award of custody. In view of the exceptions challenging the jurisdiction and authority of the Family Court to determine cus-

tody, we must first determine that issue. Appellant contends that, since custody of the child had previously been settled under an order of the county court, the jurisdiction of that court continued and the Family Court was without jurisdiction to issue the present order changing the custody previously adjudicated, relying upon the decision of this Court in *Clinkscales v. Clinkscales,* 243 S. C. 377, 134 S. E. (2d) 216. The alternative position is taken that, assuming jurisdiction of the Family Court to consider the question of custody, its authority extended only to a determination of whether there had been a change of circumstances sufficient to warrant a change of custody; and that such changed circumstances had not been shown.

The order of the county court of June 24, 1974, awarding custody of the child to appellant, entered pursuant to the voluntary agreement of the parties, constituted an adjudication by the court that such was for the best interest of the child. We have held that, in order to change the custody so fixed by an order of court, there must be a showing of changed circumstances accruing subsequent to the entry of the decree, which would warrant modification for the best interests of the child. *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376; *Mixson v. Mixson,* 253 S. C. 436, 171 S. E. (2d) 581.

Since we conclude that the evidence failed to show a material change in circumstances since the order of the County Court of June 24, 1974, so as to authorize a change in custody as fixed by that order, we find it unnecessary to determine whether the Family Court had jurisdiction of the issue of custody. For, irrespective of the question of jurisdiction, the judgment of the Family Court must be reversed for lack of adequate evidentiary support, leaving the previous order of the County Court of June 24, 1974, in effect.

The parties have been before this Court upon petitions for supersedeas, resulting in the development of certain evidentiary matters occurring since February 20, 1975, the

date of the Notice of Intention to Appeal. The motion of respondent that these subsequent pleadings and facts be considered a part of the record in this appeal is granted. However, these additional matters fail to show adequate evidentiary support for a change in the custody of the child as previously ordered by the County Court on June 24, 1974; and the judgment under appeal is reversed.

The record shows that respondent instituted an action for divorce on April 18, 1974 on the ground of adultery and for custody of the child. This action ended in an agreement, approved by the court, for the appellant to have custody of the child. The record is replete with testimony that respondent knew of the affair of appellant with another man, when he agreed on June 24, 1974 for her to have custody. This affair was the basis for the allegations of adultery, upon which the action for divorce was instituted on April 18, 1974. The record shows that this relationship of appellant with the other man continued and was the basis for the divorce granted in this action on February 17, 1975. Appellant and her paramour have since married.

We find no reason to set forth a detailed statement of the facts and circumstances. Respondent, in bringing this action, did not allege any change in circumstances to justify a change in custody and there was no proof of any such change. Neither was there proof that the appellant had failed to properly care for the child, nor that the best interests of the child required removal of her custody from appellant.

We find nothing in this record to justify a change in the custody of the child as ordered by the County Court on June 24, 1974, nor any reason why the jurisdiction of the issue of custody, assumed by that court, should not be continued for the entry of such orders touching custody as may from time to time be proper in the exercise of the continuing jurisdiction of that court.

The judgment of the lower court awarding custody of the child of the parties to respondent is accordingly reversed.

NESS and GREGORY, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the order of the lower court.

The majority opinion concludes that there has been no showing of a change of conditions between the time of the order of the Orangeburg County Court on June 24, 1974, and the time of the order of the Orangeburg Family Court on February 17, 1975. It is patent from the record that the order of June 24, 1974, did not involve a judicial determination of what was in the best interest of the child. Although the settlement and dismissal of the case between the husband and the wife took on the nature of a judicial decree, it was obviously a rather summary disposition of the case solely because of an agreement reached between the parties. In my view, only the judge of the Orangeburg County Family Court has inquired into the question of what is in the best interest of the child.

In my view, a change of circumstances between the times of the two orders has been shown by the evidence. At the time of the first order, the wife and husband were still married, with at least some possibility of reconciliation although they were living apart; she was suspected of adultery but the same had not been adjudicated.

At the time of the second order, here on appeal, the charge of adultery had been proven, she was divorced [1] and had been guilty of much misconduct between the time of the first order and the second.

---

[1] The marriage of the wife to her paramour was not a matter before the judge. That, too, brings about a change of circumstances.

These changes warranted a reevaluation of what is in the best interest of the child.

I would affirm the order of the lower court.