20232

Linda Carolyn H. ZEIGLER, Respondent, v. Jerry Louis ZEIGLER, Appellant.

(225 S. E. (2d) 849)

10

*Forrest C. Wilkerson, Esq.,* of *Roddey, Sumwalt & Carpenter,* Rock Hill, *for Appellant,*

*Nolen L. Brunson, Esq., John C. Hayes* of *Hayes, Brunson and Gatlin,* Rock Hill, *for Respondent,*

June 4, 1976.

LEWIS, Chief Justice.

The lower court ordered the appellant-husband to pay the sum of $250.00 per month for the support of his child, whose custody was awarded to the respondent-wife; granted respondent a divorce on the ground of physical cruelty; and held that the respondent was entitled to alimony but did not set an amount, since it was concluded that appellant was unable to make such payments, in addition to child support, at the present time. The husband has appealed, challenging only the amount of the award for child support.

We are governed in our review of this issue by the well settled principle that the amount to be awarded for child support rests within the sound discretion of the trial judge whose determination will not be disturbed on appeal unless an abuse of discretion is shown. No abuse of discretion is shown in this case.

The issues were referred to the master who recommended that appellant be required to pay the sum of $200.00 per month for child support. Appellant filed no exception to that recommendation but the wife did, resulting in an increase by the trial judge in the amount of child support to $250.00 per month. The real contention of appellant then is that the increase of child support by $50.00 per month amounted to an abuse of discretion. It would serve no useful purpose to give a detailed analysis of appellant's financial condition. The master and the trial judge found that appellant, now employed by Winthrop College, had available a net income of approximately $650.00 to meet his living expenses and legal obligations. The record amply supports the finding of the lower court that the income of appellant is adequate to meet the payments and that the amount ordered to be paid is necessary for the proper maintenance of the child.

Exception is also taken to a statement in the order of the trial judge with reference to certain investments of appellant. Concern was expressed about payments being made by appellant to these investments, which the court concluded might not be profitable. The court stated in its order: "I feel that if those investments are proving unprofitable, he should dispose of them so that more of his income could be used for the support of his family." The statement was not an order to dispose of the investment property, but only a suggestion, leaving the decision to appellant. We find no error.

The judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.