## 21518

John D. SMOLLAR, Respondent, v. Linda A. SMOLLAR (now known as Linda A. Dowson), Appellant.

(280 S. E. (2d) 543)

*Mitchell Willoughby* of Kneece, Kneece, Freeman, Willoughby & Ashley, Columbia, *for appellant.*

*John Smollar, pro se.*

July 9, 1981.

GREGORY, Justice:

This appeal contests the jurisdiction of the Richland County Family Court to hear respondent husband's motion for change of custody, modification of visitation, reduction of child support, and elimination of alimony. We affirm the family court's finding that it has jurisdiction.

The appellant wife previously brought a petition for divorce in Richland County, where she, respondent and the couple's minor child were residing. The family court issued a decree granting the divorce on January 15, 1980. An agreement between the parties providing for custody, visitation, child support, and alimony was incorporated into the decree. When this decree was insued, both parties and the minor child were residents of Richland County. Soon after the issuance of the decree, the appellant moved to Harris County, Texas, where she married a resident of Texas on February 14, 1980.

On March 18, 1980, the respondent filed the summons and petition for this action in the Richland County Family Court. The wife was served with a countersigned copy of the summons, petition and rule to show cause in Harris County, Texas.

Appellant appeared specially to contest the jurisdiction of the Richland County Family Court on the ground she and the child are now residents of Texas. After a hearing, the trial judge concluded the Richland County Family Court had

continuing, exclusive jurisdiction over the case. This appeal followed.

In cases involving movement by one of the parties from one county to another within the state, we have held the family court granting the divorce has continuing, exclusive jurisdiction. *Clinkscales v. Clinkscales,* 243 S. C. 377, 134 S. E. (2d) 216 (1963).

There is ample basis for expanding this rule to cover a case where one of the parties to a South Carolina divorce decree moves thereafter to another state.

Although the courts are divided, the majority view is that once the divorce court gains jurisdiction to determine custody, it retains jurisdiction to modify the decree even though the parent having custody and the child move from the state. 24 Am Jur. (2d), *Divorce and Separation,* Section 813 at p. 924 (1966) ; 70 A. L. R. 527 (1931) ; *Kern v. Lindsey,* 182 Va. 775, 30 S. E. (2d) 707 (1944).

Furthermore, the rationale for holding jurisdiction to be continuing and exclusive in intrastate cases applies with equal force to interstate cases :

"A contrary holding could result in conflict of jurisdiction, be productive of confusion and subversive of orderly procedure. . . . If the Circuit Court of Fredericksburg (Virginia) had authority to determine the custody of the child, so would any other court of similar jurisdiction in any county or city into which the minor child is taken. Litigation of the issue might well be repeated over a period of years and result in one court in effect exercising appellate powers over the acts of another court of equal jurisdiction." *Williams v. Woolfolk,* 188 Va. 312, 49 S. E. (2d) 270, at 273, quoted in *Clinkscales v. Clinkscales, supra,* 243 S. C. at 380, 134 S. E. (2d) 216.

In this case, the Richland County Family Court had personal jurisdiction over both parties and the minor child

when the divorce decree was issued. That fact distinguishes this case from *Carnie v. Carnie,* 252 S. C. 471, 167 S. E. (2d) 297 (1959) upon which appellant relies. In *Carnie,* the court at no point had personal jurisdiction over one of the two parties.

Accordingly, we affirm the order of the family court judge holding Richland County Family Court has jurisdiction over this case.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.