0883

Thomas STROMAN, Appellant v. Joanne T. WILLIAMS, Respondent.
(353 S. E. (2d) 704)

Court of Appeals

*Zack E. Townsend,* Orangeburg, *for appellant.*

*Robert C. Elliott,* Columbia, *for respondent.*

Heard Jan. 26, 1987.

Decided Feb. 23, 1987.

GOOLSBY, Justice:

In this domestic case, the father Thomas Stroman seeks a change of custody of his minor daughter from the mother Joanne T. Williams and, in the alternative, a reduction in the amount of child support he is required to pay the mother each month for the support of his daughter. The trial court held there had been no change of circumstances sufficient to warrant a change in custody from the mother to the father; however, it reduced the amount of weekly child support from $65 to $55. The father appeals, contending the trial court abused its discretion in not transferring custody of his minor daughter and in not reducing the amount of weekly child support to $32.50. We affirm.

The parties separated in 1980. In 1981, the mother and the parties' two children, both girls, began living with another woman and her daughter. The mother admits to having a homosexual relationship with the other woman.

The father and mother divorced in 1984. The divorce decree awarded custody of the parties' children to the mother. At the time of the divorce, the father knew of the mother's homosexuality.

In July, 1985, the older daughter, who had reached her majority and had graduated from high school, moved from the mother's home.

The father then instituted the present action alleging that the mother's homosexual relationship within the household rendered the mother "an unfit mother as a matter of law" and that the attainment by the older daughter of her majority constituted a change in circumstances entitling him to a reduction in the amount of child support he was required to pay to the mother.

## I.

In determining the question of a child's custody, the paramount consideration is the welfare of the child. *Davenport v. Davenport*, 265 S. C. 524, 220 S. E. (2d) 228 (1975). The party seeking modification of a child's custody "has the burden of showing [a] material change of circumstances since entry of the judgment or order in question, and that the child's best interests require modification." 67A C.J.S. *Parent & Child* § 46b at 310 (1978); *Heckle v. Heckle*, 266 S. C. 355, 223 S. E. (2d) 590 (1976). A parent's morality, while a proper factor for consideration, "is limited in its force to what relevancy it has, either directly or indirectly, to the welfare of the child." *Davenport v. Davenport*, 265 S. C. at 527, 220 S. E. (2d) at 230. The award of a child's custody is a matter that rests largely within the discretion of the trial court. *Adams v. Adams*, 262 S. C. 85, 202 S. E. (2d) 639 (1974). Custody is not to be used to penalize or reward a parent for his or her conduct. *Davenport v. Davenport, supra.*

The father failed to prove that a material change in circumstances has occurred since the entry of the order granting the mother custody and that the child's best interests require a change of custody from the mother to the father.

As we mentioned, the father knew of the mother's homosexuality at the time of their divorce in 1984. The father conceded that he found out about her staying with another woman when the mother left Orangeburg and moved to the Columbia area. The mother came to the Columbia area with

the parties' two daughters in 1981, some three years prior to the divorce.

Although the father claims the younger daughter has been substantially affected by the mother's lesbian relationship with the other woman, he points to no evidence that supports his claim. Our own examination of the record did not uncover any evidence that the daughter was being exposed to deviant sexual acts or that her welfare was being adversely affected in any substantial way. *D. H. v. J. H.*, 418 N. E. (2d) 286 (Ind. App. 1981); *A. v. A.*, 15 Or. App. 353, 514 P. (2d) 358 (1973).

In fact, the evidence reveals, as the trial court found, that the child, who has her own bedroom in "a brick suburban house with a swimming pool in the back," is a normal and above-average child and is "properly-adjusted and healthy." The evidence also shows that she is "an A and B student" at school and is "well-behaved" and "mannerly" and that the older daughter is heterosexual, intelligent, and well-mannered after having lived with the mother and the other woman for a five-year period.

In addition, a psychiatrist at the Orangeburg Area Mental Health Center, who treated the mother for several years, testified that he was not aware of the mother having any difficulty functioning as a parent. When asked in general whether a homosexual might make a good parent, the psychiatrist responded that some "homosexual people make good parents and some don't."

We therefore find no abuse of discretion on the part of the trial court in refusing to change custody from the mother to the father. *Bezio v. Patenaude*, 381 Mass. 563, 410 N. E. (2d) 1207 (1980); *see Guinan v. Guinan*, 102 App. Div. (2d) 963, 477 N. Y. S. (2d) 830 (1984) (the mere fact that a parent is a homosexual does not alone render the parent unfit and a parent's sexual indiscretions are a consideration in a custody dispute only if they are shown to adversely affect the child's welfare); *In the Matter of the Marriage of Cabalquinto*, 100 Wash. (2d) 325, 669 P. (2d) 886 (1983) (holding that homosexuality in and of itself is not a bar to custody or to reasonable rights of visitation); *D. H. v. J. H., supra* (homosexuality standing alone without evidence of any adverse effect upon the welfare of the child does not render the

homosexual parent unfit as a matter of law to have custody of the child); *Nadler v. Superior Court of Sacramento County*, 255 Cal. App. (2d) 523, 63 Cal. Rptr. 352 (1967) (a mother who is a homosexual is not an unfit mother as a matter of law).

Our decision to uphold the trial court's conclusion that custody of the younger daughter should remain with the mother is consistent with the principle that an appellate court should be reluctant to substitute its own evaluation of what the evidence dictates in terms of child custody for that of the trial court. *Guinan v. Guinan, supra.* Our decision is also consistent with the view that custody of a child is not to be granted as a reward or withheld as punishment. *In the Matter of the Marriage of Cabalquinto, supra.*

## II.

We likewise find no abuse of discretion in the failure of the trial court to reduce the amount of the father's weekly child support payments to $32.50.

The amount to be allowed a custodial parent for child support rests within the sound discretion of the trial court whose determination will not be disturbed on appeal absent a showing of an abuse of discretion. *Zeigler v. Zeigler*, 267 S. C. 9, 225 S. E. (2d) 849 (1976); *Bentrim v. Bentrim*, 282 S. C. 333, 318 S. E. (2d) 131 (Ct. App. 1984). Where a support order "provides for payments for the benefit of two or more children, the marriage or emancipation of one minor child does not automatically affect the liability of the father for the full sum prescribed in the order." 24 Am. Jur. (2d) *Divorce and Separation* § 1050 at 1041 (1983). The mere fact, then, that the older daughter has reached her majority and no longer resides with the mother did not require the trial court, as the father contends, to reduce the amount of weekly child support by half. *See Estes v. Estes*, 192 Ga. 100, 14 S. E. (2d) 680 (1941) (a judgment awarding the wife a stated monthly sum for joint support of herself and a minor child is not vitiated *pro tanto* upon the child reaching majority).

Affirmed.

CURETON, J., concurs.

SANDERS, C. J., concurs in separate opinion.

SANDERS, Chief Judge (concurring):

I think perhaps we should say a little more, lest what we have said be misunderstood by the anxious reader.

The result which we reach on the issue of custody should not be construed as implying our approval of the lifestyle of the mother. No moral judgment by us has been necessary because there is no evidence that her lifestyle had any relevancy to the welfare of the child. *See Marshall v. Marshall*, 282 S. C. 534, 540-41, 320 S. E. (2d) 44, 48 (Ct. App. 1984) ("The morality of a parent is a proper consideration in determining child custody but it is limited in its force to what relevancy it has, either directly or indirectly, to the welfare of the child.").

We are not in the business of gratuitously judging the private lives of other people.