THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Khalid A. Muhammad, Respondent,
 
 
 

v.

 
 
 
 Emerald M. Muhammad, Appellant.
 
 
 

Appeal From Orangeburg County
 William J. Wylie, Jr., Family Court Judge

Unpublished Opinion No. 2007-UP-001
Submitted November 1, 2006  Filed January 9, 2007    

REMANDED

 
 
 
 Clarissa Warren Joyner, of Orangeburg, for Appellant.
 Janne Berry Osborne, of Orangeburg, for Respondent.
 
 
 

PER CURIAM:  Emerald Muhammad (Mother) appeals the family courts order awarding custody of her daughter, Fahrah (Child), to Khalid Muhammad (Father).  We remand.
FACTS
Father and Mother married on December 28, 2000.  Prior to their marriage, on July 29, 2000, Father and Mother had a child.  The Muhammads resided together in Orangeburg, South Carolina until sometime between September and December 31, 2002, when Mother moved with Child to New York.  The parties dispute when the move occurred, and Father claims he did not know his wife and child were leaving prior to December 31, 2002. 
Mother and Child lived in New York with Mothers parents.  Child suffers from developmental issues resulting in underdeveloped communication skills.  Mother enrolled Child in a school with programs designed to assist children with special needs.  Child flourished in New York.  
Both Father and Mother filed custody actions.  Father filed in South Carolina on April 17, 2003 and served Mother on December 17, 2003. Mother filed in New York on October 14, 2003.  Father was never personally served, but was apparently served by mail in January of 2004.  On March 4, 2004, the New York family court issued an order awarding custody to Mother.  The New York order indicates there was proper service on Father.  
On November 19, 2004, the South Carolina family court issued a final order awarding custody to Father and directing law enforcement to assist in obtaining physical custody of Child.  Mother timely filed a motion for reconsideration in the South Carolina family court.  In that motion and its attachments, Mother argued the family court lacked jurisdiction to decide the case because New York was Childs home state, the New York family court issued the initial decree of custody in this matter, and substantial evidence of Childs present and future care exists in New York.  Mother averred the Uniform Child Custody Jurisdiction Act (UCCJA) mandates the South Carolina court make an inquiry to the New York family court concerning the simultaneous proceedings in order to avoid relitigation. 
Evidence in the record indicates that the parties knew cases had been filed in both New York and South Carolina.  Neither the New York family court nor the South Carolina family court was afforded full candor during its proceedings.  In fact, it appears the New York family court did not have notice of the South Carolina case prior to issuing its order.  The South Carolina family court heard of the New York order during the motion to reconsider filed by Mother.
In an order dated August 18, 2005, the South Carolina family court denied Mothers motion for reconsideration concluding that South Carolina was the childs home state when this action was commenced . . . .  Child now resides with Father in South Carolina.  This appeal follows.
STANDARD OF REVIEW
In appeals from the family court, the appellate court has authority to find facts in accordance with its own view of the preponderance of the evidence.  This does not require the appellate court, however, to disregard the findings of the family court, which saw and heard the witnesses.  Badeaux v. Davis, 337 S.C 195, 202, 522 S.E.2d 835, 838 (Ct. App. 1999).
In all child custody controversies, the controlling considerations are the childrens welfare and best interests.  Cook v. Cobb, 271 S.C. 136, 140, 245 S.E.2d 612, 614 (1978).  In reaching a determination as to custody, the family court should consider how the custody decision will impact all areas of the childs life, including physical, psychological, spiritual, educational, familial, emotional, and recreational aspects.  Pountain v. Pountain, 332 S.C. 130, 136, 503 S.E.2d 757, 760 (Ct. App. 1998).  Additionally, the court must assess each partys character, fitness, and attitude as they affect the child.  Id. at 136, 503 S.E.2d at 760.   Indeed, the totality of circumstances peculiar to each case constitutes the only scale upon which the ultimate decision can be weighed.  Davenport v. Davenport, 265 S.C. 524, 527, 220 S.E.2d 228, 230 (1975).   
Custody decisions are matters left largely to the discretion of the trial court.  Stroman v. Williams, 291 S.C. 376, 378, 353 S.E.2d 704, 705 (Ct. App. 1987).  An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support.  McKnight v. McKnight, 283 S.C. 540, 543, 324 S.E.2d 91, 93 (Ct. App. 1984).  
LAW/ANALYSIS
Mother claims the South Carolina family court did not comply with the UCCJA because it failed to contact the New York family court concerning a simultaneous custody action.  We agree.
The UCCJA provides, in pertinent part that:

 (a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
 (1) this State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the childs home state within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or                            
 (2) it is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State and (ii) there is available in this State substantial evidence concerning the childs present or future care, protection, training and personal relationships; or  
 . . . .
 (4) (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2) or (3) of subsection (a), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child and (ii) it is in the best interest of the child that this court assume jurisdiction.
 (b) Except under paragraphs (3) and (4) of subsection (a), physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.
 (c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

S.C. Code Ann. § 20-7-788 (1976).
Further, the South Carolina Code instructs family court judges on the proper actions when there is a simultaneous proceeding in another state, namely:

 (a) A court of this State shall not exercise its jurisdiction under this subarticle if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this subarticle, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.
 (b) Before hearing the petition in a custody proceeding the court shall examine the pleadings and other information supplied by the parties under § 20-7-800 and shall consult the child custody registry established under § 20-7-814 concerning the pendency of proceedings with respect to the child in other states.  If the court has reason to believe that proceedings may be pending in another state it shall direct an inquiry to the state court administrator or other appropriate official of the other state.
 (c) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with §§ 20-7-820 through 20-7-826.  If a court of this State has made a custody decree before being informed of a pending proceeding in a court of another state it shall immediately inform that court of the fact.  If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.

S.C. Code Ann. § 20-7-794 (1976).
We find the South Carolina family court erred in that it did not contact the New York family court when confronted with evidence that there may be a simultaneous proceeding in that state.  
CONCLUSION
Keeping in mind the mandates of the UCCJA, we hereby remand to the family court.  Upon remand, the family court shall, within forty-five days, make an inquiry to the New York family court to determine the most appropriate forum in accordance with Section 20-7-794 of the South Carolina Code of Laws (1976), and issue an order setting forth with specificity all findings of fact and factors considered in determining the appropriate forum.   This Court does not address Mothers remaining issues without prejudice so that they may be raised in any subsequent appeal, if necessary.  Accordingly, the family courts order is
REMANDED. [1]
HEARN, C.J., KITTREDGE, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.