THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mary Denise
 West, Respondent,
 v.
 Ernest Matthew
 West, Appellant.
 
 
 

Appeal From Lexington County
 H. E. Bonnoitt, Jr., Family Court Judge
Unpublished Opinion No. 2007-UP-555
Heard November 6, 2007  Filed December
 14, 2007    
REVERSED 

 
 
 
 David C. Shea and Rebecca Guental Fulmer, both of Columbia, for Appellant.
 C. Vance Stricklin, Jr. and Katherine Carruth Link, both of West Columbia, for Respondent.
 
 
 

PER CURIAM: The
 family court judge granted Ernest Matthew West (Husband) and Mary Denise
 West (Wife) a divorce on the ground of one year continuous separation.  The
 judge granted Wife custody of the parties two minor children and granted
 Husband visitation rights.  In addition, the judge prohibited Husband from
 traveling with the children outside of the State of South Carolina during his
 visitation.  Husband appeals the travel restriction claiming the family court
 judge abused his discretion in failing to apply proper legal principles and
 imposing an unreasonable restriction contrary to the childrens best interests. 
 We reverse. 
FACTS
Husband and Wife were married on November
 18, 1992.  The parties had two children during their marriage, a daughter, now
 nine years old, and a son, now six years old.  During the early years of the
 marriage, Wife worked as a school teacher.  When the children were born, the
 parties agreed Wife would stop working and stay at home with the children.    
 
In 2002, Husbands employer, Saftey Kleen Corporation, went
 bankrupt and closed its Columbia office.  The employer offered Husband a
 position in the companys Dallas, Texas office.  Husband moved to Texas, and Wife remained in South Carolina with the children.  After one year in Texas, Husband moved to Miami, Florida, to pursue a new employment opportunity. 
 
Husbands
 absence put a strain on the marital relationship, and on February 23, 2004,
 Wife brought an action for separate maintenance, custody of the children, and
 child support.  Husband filed an answer and counterclaim requesting the courts
 approval to reside separate and apart from Wife and seeking joint custody of
 the children.  At the temporary hearing, the family court judge awarded sole
 temporary custody of the children to Wife and awarded Husband visitation
 rights.  Because Husband was still living in Miami, Husbands visitation was
 limited to his parents home in Kershaw, South Carolina.  During the
 separation, Husband traveled to South Carolina every other weekend to visit
 with the children.  Eventually, Husband purchased and moved into a home in Greenville, South Carolina, within fifteen miles of Wife and children. 
 
At the
 final hearing, Wife moved to supplement her pleadings and seek a divorce on the
 ground of one year separation.  Additionally, Wife sought supervised visitation
 for Husband because of his: (1) controlling nature; (2) unstable lifestyle; (3)
 temper; and (4) credibility.  Further, Wife expressed concern Husband was
 involved in a homosexual affair and believed Husband presented a threat of harm
 to the children.  Husband denied the adulterous affair throughout most of the
 divorce litigation.  It was not until a week before the final hearing that
 Husband admitted he had an affair.  
Husband admitted he had not been honest about his adulterous
 conduct during the divorce proceedings and regretted not disclosing it earlier
 in the litigation.  Husband stated he came forward shortly before the hearing
 because he did not want to finish whatever happens with this on an untruthful
 note.  Husband stated he never had, and did not intend to have, his children
 around his paramour.  He also stated he had no problem with an order
 prohibiting him from bringing the children around his paramour.  
The judge awarded full custody of the children to Wife and granted
 Husband a standard unsupervised visitation schedule.  In addition, the judge
 imposed a restriction on Husband that he was not to remove the children from
 the State of South Carolina during the exercise of his visitation. 
 Additionally, the judge restrained [Husband] from exposing the children to any
 non-spouse romantic companion or relationship.[1]  
Husband
 filed a motion seeking to alter or amend the final divorce decree to allow
 Husband to have visitation outside the confines of South Carolina and the award
 of attorney fees.  The judge denied the motion, concluding that restricting
 [Husbands] visitation to the State of South Carolina is reasonable and
 protects the . . . children.  This appeal followed.[2]
STANDARD OF REVIEW
In appeals from the
 family court, the appellate court has the authority to correct errors of law
 and to find facts in accordance with its own view of the preponderance of the
 evidence.  Wooten v. Wooten, 364 S.C. 532, 540, 615 S.E.2d 98, 102
 (2005); Miller v. Miller, 299 S.C. 307, 311, 384 S.E.2d 715, 717
 (1989).  However, this broad scope of review does not require this court to
 disregard the family courts findings.  Lacke v. Lacke, 362 S.C. 302,
 307, 608 S.E.2d 147, 149 (Ct. App. 2005).  Nor must we ignore the fact that the
 family court judge, who saw and heard the witnesses, was in a better position
 to evaluate their credibility and assign comparative weight to their
 testimony.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623
 (2003).  
LAW/ANALYSIS
Husband claims the
 family court judge erred in imposing a travel restriction on his visitation
 because it was based solely on the judges moral condemnation of Husbands
 lifestyle absent any evidence his conduct adversely affected the welfare of his
 children.[3] 
 We agree.  
When
 awarding visitation, the paramount consideration is the welfare of the child.  Woodall
 v. Woodall, 322 S.C. 7, 12, 471 S.E.2d 154, 158 (1996).  A parents
 morality, while a proper factor for consideration, is limited in its force to
 what relevancy it has, either directly or indirectly to the welfare of the
 child.  Davenport v. Davenport, 265 S.C. 524, 527, 220 S.E.2d
 228, 230 (1975); Stroman v. Williams, 291 S.C. 376, 378, 353 S.E.2d 704,
 705 (Ct. App. 1987).  In Stroman, this court
 recognized homosexuality, in and of itself, is not a bar to custody or
 reasonable rights of visitation.  Stroman, 291 S.C. at 379, 353
 S.E.2d at 706 (citing Marriage of Cabalquinto, 100 Wash.2d 325, 669 P.2d
 886 (1983)).  Nor are a parents sexual indiscretions a proper consideration
 unless they are shown to adversely affect the welfare of the child.  Id. (citing Guinan v. Guinan, 102 A.D.2d 963, 477 N.Y.S.2d 830) (1984)).  In
 Judge Sanders concurrence he explained: No moral judgment by us has been
 necessary because there is no evidence that [the parents] lifestyle had any
 relevancy to the welfare of the child.  Id. at 381, 353 S.E.2d 706-07
 (C.J. Sanders concurring).  Furthermore, while the issue of visitation rests
 largely within the discretion of the trial judge, visitation is not to be used
 to penalize or reward a parent for his or her conduct.  Stroman, 291
 S.C. at 378, 353 S.E.2d at 705.  We are bound by this courts prior precedent.
In deciding to impose restrictions on Husbands visitation, the
 judge [felt] it necessary to impose specific restrictions related to the
 [Husbands] actions because he did not condone Husbands alternative
 lifestyle.  The judge acknowledged the travel restriction was an
 unusual restriction, . . . based on the [Husbands] self-indulgent and deviant
 lifestyle but necessary to protect the morality of the children.  The judge
 further iterated:

 The [Husband] chose an inappropriate relationship over his
 marriage.  He admitted that he undertook a covenant with his wife and with a
 higher power which was broken.  Based on his willingness to break this covenant
 and pursue an adulterous relationship . . . [Husbands] visitation should be
 confined to the State of South Carolina to protect the best interest of the
 minor children.  

In the denial of Husbands motion to alter or amend, the judge provided
 further reasoning for the travel restriction.  The judge reasoned the proximity
 would encourage compliance and found Husband would be less likely to be
 distracted by the pursuit of his other relationship, and as a result, the
 children are more likely to receive quality time with their father.  The judge
 concluded, [i]f [Husband] is allowed to take the children out of state, he is
 more likely to expose the children to a harmful situation including exposure to
 his paramour who lives out of state.  
It is clear the judge imposed a visitation restriction based on
 moral considerations and his disapproval of Husbands adulterous conduct.  We
 find it was proper for the judge to consider Husbands morality as a factor in
 determining visitation rights.  However, this consideration must be limited to
 the extent it was shown to adversely impact upon the welfare of the children.  We
 are not asked here to condone conduct which may not be condoned by segments of
 society; instead, we are not only asked whether the parent has been
 inappropriately penalized for such conduct, but also, and more precisely,
 whether the childrens interaction with a biological parent may be so
 restricted as a consequence thereof contrary to their best interests. After a
 review of the evidence, we find there was no evidence that Husbands conduct
 endangered or adversely affected the welfare of the children.
In this case the appointed Guardian ad Litem (GAL) submitted a
 written report and testified at the hearing.  In her report, the GAL expressed
 concern with Husbands lack of candor concerning his sexuality, but found no
 evidence Husband had the children around any paramour or subjected the children
 to an alternative lifestyle.  Further, the GAL stated I have found no reason
 to believe that [Husband] has ever done anything to the children that would
 place them in danger or that that he would do so in the future.  She
 concluded, I believe it would be in the best interest of the children that the
 children have contact with both parents on a regular basis  [and] I believe it
 is in the best interest of the children that both parents have time alone with
 the children.  At the hearing, the GAL stated she saw no reason to limit
 Husbands visitation and found nothing to indicate the children would be at
 risk if Husband traveled with the children out of South Carolina.     
Dr.
 Watson, the expert clinical psychologist appointed by the court to determine
 whether Husband was a danger to his children, also testified at the hearing. 
 Dr. Watson testified Husband was not a threat to his children and did not need
 to be supervised around his children.  He acknowledged Husbands deception and
 expressed some concern, but did not believe Husbands lying presented a threat
 of harm to the children.  Dr. Watson did not recommend supervision for the
 Husband.    
Moreover,
 the judges initial evaluation specifically found no evidence Husband exposed
 the children to the relationship, encouraged the children to pursue a deviant
 or alternative lifestyle, or that his lifestyle would lead to other conduct
 detrimental to the children. 
Wife contends the restriction was not imposed as a penalty for
 Husbands adulterous affair, but was based on the judges concern for the
 welfare of the children.  Wife avers the judge grounded his restriction on
 genuine concerns of Husbands character and behavior, including his controlling
 nature, unstable lifestyle, temper, and lack of credibility.  She argues these
 concerns were apart from his adulterous conduct.  
In determining visitation in the final divorce decree, the judge specifically
 addressed each of Wifes concerns about Husbands character and behavior.  The
 judge concluded the evidence of Husbands controlling nature, unstable
 lifestyle, temper, or lack of credibility did not rise to the level of
 requiring supervised visitation.  Accordingly, the judge found no reason to
 require supervised visitation and thereby granted Husband a standard
 unsupervised visitation schedule.  Clearly, the judge did not find sufficient
 evidence that Husbands character or conduct raised sufficient concern for the
 welfare of the children such as to require supervised visitation.  Even as to
 Husbands untimely disclosure of his conduct,  the trial judge found that while
 Husband had been untruthful throughout the litigation and had created an
 atmosphere of distrust, visitation should not be used to reward or penalize a
 parent.  Thus, we find these aspects of Husbands character were of concern
 only insofar as they related to the fear that Husbands conduct would endanger
 the children.  It is apparent that, but for Husbands prior sexual misconduct,
 the judge would not have concluded the children needed protection.  The
 record simply does not support Wifes argument the travel restriction was based
 on genuine concerns about Husbands character and behavior, apart from his
 adulterous conduct.
CONCLUSION
Based on this courts prior precedent, we respectfully conclude
 the judge improperly imposed a travel restriction on Husbands visitation with
 his children.  Absent any evidence that Husbands adulterous conduct endangered
 or adversely impacted the welfare of his children, we hold the judge
 impermissibly penalized Husband for his conduct and that it is not in the best
 interests of the children to uphold the travel restriction.  Accordingly, we
 reverse the travel restriction on Husbands visitation.  In light of our
 disposition, we need not address Husbands remaining issues.  See Whiteside
 v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340-41, 428 S.E.2d
 886, 889 (1993) (appellate court need not address a remaining issue when
 resolution of prior issue is dispositive).    
REVERSED.
HUFF and PIEPER,
 JJ., and CURETON, AJ., concur. 

[1] Although the appointed Guardian ad Litem recommended
 both parents be enjoined and restrained from bringing overnight guests with
 whom he or she is having a romantic relationship when the children are present,
 the judge only imposed this restriction on Husband.  
[2] The only issue on appeal is the travel restriction imposed
 on Husbands visitation.  
[3] Husband claims, in his reply brief, that the travel
 restriction is materially distinct from the supervised visitation requested by
 Wife in her complaint.  Husband contends the judge erred in awarding relief not
 contemplated by the pleadings.  We find this argument is not preserved for our
 review.  First, it was not raised to the family court judge during the trial or
 in Husbands motion to alter or amend.  See Staubes v. City of Folly
 Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (holding that issues
 must be raised and ruled upon in the trial court to be preserved for appellate
 review).  Additionally, Husband raised the argument for the first time in his
 reply brief.  See Crawford v. Henderson, 356 S.C. 389, 409, 589
 S.E.2d 204, 215 (Ct. App. 2003) (finding appellant could not raise additional
 arguments in reply brief because it was not addressed in initial brief).