### 19236

John B. VEREEN, by his Guardian ad Litem, George R. Vereen, Appellant, v. L. B. BELL, Respondent

(182 S. E. (2d) 296)

250

*H. T. Abbott, Esq.,* of Conway, *for Appellant,*

*E. Wendell McCrackin, Esq.,* of Myrtle Beach, *for Respondent,*

June 9, 1971.

BUSSEY, Justice.

This is an action to rescind and cancel a deed to real estate on the ground of alleged mental incapacity of the grantor, John B. Vereen. Although tried below and argued here, without objection, as an action at law, it is clear that the case is one of equitable jurisdiction. *Byrd v. King,* 245 S. C. 247, 140 S. E. (2d) 158; *Mills v. Little,* 158 S. C. 17, 155 S. E. 148; *Shute v. Shute,* 79 S. C. 420, 60 S. E. 961; *Sims v. McClure,* 8 Rich. Eq. 286; 12 C. J. S. Cancellation of Intsruments § 2, p. 943; 13 Am. Jur. (2d) 497, Cancellation of Instruments, Sec. 2; also 13 Am. Jur. (2d) 541, Cancellation of Instruments, Sec. 62.

On the trial below timely motions were made by the respondent for both nonsuit and directed verdict and refused. The jury deliberated several hours without being able to reach a verdict, whereupon the defendant renewed his motion for a directed verdict on the ground "that the plaintiff has failed to carry the burden of proof as to mental incompetency in this case to make a deed". Such motion was then granted and the jury, after returning a directed verdict, was discharged.

The ultimate question in this case is simply whether or not the grantor had sufficient mental capacity at the time of the execution of the deed for such to be valid. Mere infirmity of mind or body, not amounting to in-

capacity to understand the nature of the act, is insufficient to render a deed void. A person with sufficient mental capacity to comprehend what he is doing and to understand the nature of the act and its consequences has the capacity to make a deed. See cases collected in West's South Carolina Digest, Deeds, No. 68.

In granting defendant's motion and directing a verdict the trial judge went into considerable detail as to his view of the evidence and the facts. In brief, it is clear that His Honor concluded (1) that there was no evidence to reasonably support a finding that the grantor was incompetent as alleged, and (2) that the evidence affirmatively proved, as a fact, that the grantor had sufficient mental capacity to comprehend precisely what he was doing, the nature of his act and its consequences at the time that he executed the deed. While made in ruling on a motion for a directed verdict, we still have what is tantamount to a finding of fact, to the same effect, by a judge sitting in equity. cf. *Britton v. Amos,* 241 S. C. 336, 128 S. E. (2d) 161. We are satisfied that the trial judge reached the correct result and this Court, of course, has the power, to sustain the judgment below upon any ground or grounds appearing in the record. Supreme Court Rule 4, Sec. 8.

Treating the case as one at law, counsel for the parties devoted much argument to the question of whether or not there was a scintilla of evidence tending to prove the mental incompetency of the grantor, Vereen, sufficient to carry that issue to the jury. Since the case is actually one in equity, it is unnecessary for us to consider or determine whether there was or not, a scintilla of evidence, within the rule applicable to an action at law.

In an appeal in equity cases this Court has jurisdiction to find the facts in accord with its view of the preponderance of the evidence and may reverse findings of fact by the trial court when the appellant satisfies this Court that such findings are without evidentiary sup-

port or are against the clear preponderance of the evidence. See cases collected in West's South Carolina Digest, Appeal and Error, No. 1009(4).

We need refer only briefly, we think, to the facts of the case. Appellant, Vereen, on or about June 15, 1959, suffered a severe stroke which rendered him totally disabled for a period of time. He made a remarkable recovery, according to one of the two physicians who attended him, but was left with paralysis of the left arm. He was 49 years of age at the time of his stroke. On July 9, 1962, Vereen conveyed to respondent Bell, for a consideration of $6,000.00, an undeveloped tract of land containing 3.5 acres located at Ocean Drive, in Horry County, such being the deed involved in this action. Prior thereto, S. Watson Dawes, Esq., an attorney at Ocean Drive Beach, representing Vereen, had approached Bell offering the property for sale. Bell declined to purchase for the asking price, but, after some negotiation between Bell, Dawes and Vereen, an agreement to purchase in accordance with the mentioned deed was reached.

While there was some evidence upon the trial to the effect that the particular property was worth somewhat more than six thousand dollars, appellant's brief here does not argue inadequacy of consideration. The record is devoid of any evidence to the effect that Bell in any manner overreached or unduly persuaded Vereen.

Vereen owned considerable real estate and after his stroke he executed a number of conveyances to people other than Bell, both before and after the deed to Bell. Following his stroke, he apparently retired from active participation in the business in which he had theretofore engaged, turning the same over to one or more of his sons. He was divorced and lived by himself. He continued to drive his own car until a year or two after his conveyance to Bell.

There is admittedly considerable evidence on behalf of Vereen to the effect that he was not as alert mentally and that his business acumen and judgment were

not as keen following his stroke. There is also evidence that he was to some extent improvident and possibly childish. None of the evidence, however, adduced in his behalf is, we think, sufficient to give rise to the reasonable inference that he did not fully understand and comprehend the transaction wherein he executed the deed which is here involved.

Mr. Dawes, the attorney who represented Vereen in the transaction, testified that he was in full possession of his mental faculties or else Dawes would not have represented him. Neither of the doctors who attended Mr. Vereen was offered as a witness in his behalf, but one of them was subpoenaed on behalf of Bell and testified that he had noted no impairment in Mr. Vereen's mental condition. Several other witnesses offered by the defendant, who had business dealings with Mr. Vereen, testified as to his competency. Even Several of plaintiff's witnesses, who testified to some degree of mental impairment, continued to do business with Mr. Vereen, obviously regarding him as being competent to do so.

Further review of the testimony would serve, we think, no useful purpose. The clear weight and preponderance of the testimony establishes that the appellant Vereen, as found by the trial court, had the mental capacity to know what he was doing; that he was making a sale, the property being sold, the price therefor and the purchaser thereof. He, accordingly, was not mentally incompetent under the law to execute the deed. Our conclusion in this respect renders moot the other question raised by appellant and the questions raised by the cross-appeal of the respondent.

The trial court having reached the correct result, its order is affirmed, in result, and the respondent, Bell, is entitled to enter judgment in his favor accordingly.

Affirmed in result.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.