20815

Nell M. McMURTREY, Respondent-Appellant, v. William Raymond McMURTREY, Jr., Appellant-Respondent.

Nell M. McMURTREY, Respondent, v. William Raymond McMURTREY, Jr., (two cases) Appellant.

(249 S. E. (2d) 503)

*Sol E. Abrams,* Greenville, *for appellant-respondent* and *appellant.*

*William N. Epps, Jr.,* Anderson, *for respondent-appellant* and *respondent.*

November 21, 1978.

### First Appeal

*Per Curiam:*

This is an appeal from a Family Court order which denied the prayers of both parties for a divorce. The court did, however, find that the respondent-appellant (wife) was entitled to separate maintenance and awarded her the sum of $125.00 per month. No award was made for counsel fees to the wife and her request for possession of the marital residence or an alternative place to live was denied.

The appellant-respondent (husband) challenges portions of the order which denied him a divorce on the ground of desertion, found that he was not totally disabled, and granted a separate maintenance allowance for his wife. The wife appeals from the lower court's denial of a divorce on her asserted grounds of physical cruelty, desertion and/or con-

structive desertion, the court's refusal to award attorney's fees for the lower court action, and its failure to provide sufficient alimony and a suitable place to live.

We conclude that the lower court acted properly in refusing to grant a divorce to either party and acted well within its discretion in determining the disposition of the remaining issues. Since we find no error of law, and a full written opinion would have no precedential value, we affirm under Rule 23 of the Rules of Practice of this Court. We find that the respondent-appellant is entitled to $500.00 attorney's fees for this appeal.

Affirmed.

### Second Appeal

Subsequent to the issuance of the order referenced in Appeal No. 1 (above), and while the appeal therefrom was pending, the respondent (wife) instituted this action against the husband seeking to hold him in contempt of court for failure to pay alimony in accordance with the order of the court.

The appellant (husband) answered the petition attempting to have the petition for contempt dismissed and the alimony awarded by the court terminated contending that he had sustained a change in physical condition since the order of the court which rendered him totally disabled and unemployable.

The matter was fully heard by the Family Court resulting in a decree which rejected the contention of the husband that he was totally disabled, held that substantial capital assets owned by him could, in any event, be used to make alimony payments, awarded the wife attorney's fees, and adjudged him in contempt of court. It is from this order that the husband appeals. We affirm.[1]

---

[1] The Second Appeal has been considered without oral arguments as a submitted case, and the two appeals have been consolidated for disposition.

The first contention of appellant is that the court erred in failing to find that he was totally disabled. Assuming, without deciding, that the court did so err, the real issue before the court was whether the husband possessed sufficient financial resources to pay the modest monthly payment of $125.00 to his wife. There is no limitation that alimony payments be made solely from current earnings. *Eagerton v. Eagerton,* 265 S. C. 90, 217 S. E. (2d) 146 (1975). The undisputed evidence in this case is that the husband owns a 123-acre farm, which he leases out, on which is located an eight-room brick house. The wife testified that the house was worth $40,000 and the land $1,000 per acre. The husband evaded questions on cross-examination as to his appraisal of the property, and never gave a valuation of this holding. There is no evidence of any encumbrance against this property, and it is apparent to us that it affords a sufficient financial resource from which to generate the funds required to make the small monthly payment awarded the wife.

The only other question raised by the appellant concerns alleged error by the trial judge in admitting into evidence depositions by two physicians relative to the physical condition and employability of the husband. It is unnecessary to pass upon this question in view of our determination that the husband's financial ability, independent of his employability, was sufficient to warrant a findings of contempt for failure to make the payments as ordered by the court and, likewise, to refuse to terminate further payments.

Affirmed.