0077

Nancy HUGHES, Respondent, v. Richard H. HUGHES, Appellant.

(313 S. E. (2d) 32)

Court of Appeals

*Nicholas C. Lempesis*, Charleston, *for appellant.*

*Steven James*, Charleston, *for respondent.*

Heard Nov. 7, 1983.

Decided Feb. 15, 1984.

*Per Curiam:*

The parties were granted a divorce in 1972. The respondent mother brought this action in 1980 to require the appellant father to provide child support to assist in financing the college education of the parties' eighteen-year-old daughter. The father counterclaimed, seeking child support for two minor children who resided with him. The Family Court ordered the father to pay $300 per semester toward his daughter's education and denied his prayer for child support. The father appeals both these rulings. We affirm.

The father first assigns as error the rejection of his plea that the matter of child support for his college-bound daughter, Robin, was *res judicata.* The father argues that because the 1972 decree required him to pay child support for his "minor children," the mother cannot now seek support for a child who has reached the age of majority. The lower court properly rejected this plea. A prior action concerning child support is *res judicata* only as long as the circumstances existing at the time of the prior action have remained the same. *Walker v. Walker,* 63 N. C. App. 644, 306 S. E. (2d) 485 (1983). An order of child support is subject to modification upon the showing of a sufficient change of conditions. *Perkins v. Perkins,* 309 S. E. (2d) 784 (S. C. App., 1983). A sufficient showing of a change in the child's needs was shown here. Robin had an outstanding high school career and desired to attend college. She was entitled to no further assistance from her father under the 1972 decree. These circumstances, of course, did not exist at the time of the 1972 decree. The doctrine of *res judicata,* therefore, does not operate to bar this action.

The father next contends the lower court erred in ordering him to contribute to Robin's college education. The determination of the circumstances under which a divorced parent may be ordered to help pay for the educational expenses of an emancipated child is left largely in the hands of the family court judges. *Risinger v. Risinger,* 273 S. C. 36, 253 S. E. (2d) 652 (1979); *Kerr v. Kerr,* 278 S. C. 191,

293 S. E. (2d) 704 (1982). Our Supreme Court has not attempted to list all the circumstances when such orders might be appropriate but has found them appropriate when there was evidence that (1) the characteristics of the child indicated he would benefit from college, (2) the child demonstrated the ability to at least make satisfactory grades, (3) the child could not otherwise go to school, and (4) the parent had the financial ability to help pay for such an education. *Risinger; Kerr.*

There is no dispute Robin would benefit from college and showed the ability to do well. The father does dispute, however, the finding that his assistance was necessary to enable Robin to attend college. Among factors to be considered in determining whether and to what extent financial assistance for college is necessary are the availability of grants and loans and the ability of a child to earn income during the school year or on vacation. *Newburgh v. Arrigo*, 88 N. J. 529, 443 A. (2d) 1031, 1038-39 (1982). We find these factors relevant because an emancipated child has a duty to help minimize college expenses when a parent's financial support for these expenses is sought through the family courts. *Cf. Risinger* (child minimized college expenses). We find that Robin fulfilled this duty and that the lower court properly considered these factors in ordering support of $300 per semester.

Robin industriously sought to defray her college expenses in most every respect. She was able to finance the bulk of her expenses through loans and a scholarship earned as a result of her fine high school record, but there still remained an annual shortfall of approximately $700 in the cost of tuition and board. Although in the summer prior to matriculation she refused employment at a hospital because of her strong aversion to such facilities, she thereafter made a diligent effort to find summer work which was better suited for her. Also, in her final year of high school she secured part-time employment even though this required her to work at unreasonable hours. Furthermore, she made substantial contributions toward maintenance of her mother's household and cared for her younger brother, thereby eliminating the expense of day care. The evidence of Robin's industry is plainly more significant than any showing of indolence towards the fulfillment of her obligation to help defray expenses. The record therefore

supports the finding that the father's assistance was necessary for Robin to attend college.

The record also supports the finding that the father had the financial ability to contribute $300 per semester. The father's financial declaration showed his monthly expenses exceeded his net income, but it also showed assets valued at $42,240. There is no limitation that child support payments be made solely from current earnings. *See McMurtrey v. McMurtrey*, 272 S. C. 118, 249 S. E. (2d) 503 (1978) (alimony payments). The father's assets are a sufficient financial resource from which to generate the funds required to make the modest child support payment. *Id.*

Finally, the father alleges the court erred in denying his prayer for child support for the two minor children in his custody. The denial was based on the finding that the mother was financially unable to pay child support. The father has not convinced us that this finding is against the greater weight of the evidence. *See Baron v. Dyslin*, 309 S. E. (2d) 767 (S. C. App., 1983).

Child support awards should be based on considerations such as incomes, expenses, assets, health and physical conditions, and earning capacities of the parents. *Atkinson v. Atkinson*, 309 S. E. (2d) 14 (S. C. App., 1983). Here, the mother's net monthly income of $806 exceeded her monthly expenses by only fifty dollars, and her assets were minimal. Her ability to earn additional income in her field of employment was limited. It is evident from the record her standard of living was not high. She was providing for a minor child of the parties in her custody and, under this order, was obligated to assist her college-bound daughter in the furtherance of her education. In our view of the preponderance of the evidence, the father's request for child support was properly denied.

For these reasons, the Order of the Family Court is

Affirmed.