## 0216

Glenn D. BENTRIM, Respondent v. Patricia Ann BENTRIM, Appellant.

(318 S. E. (2d) 131)

Court of Appeals

*Ronald F. Barbare* of *Lathan, Smith & Barbare*, Greenville, *for appellant.*

*H. Samuel Stilwell* of *Ashmore, Stilwell & Hunter*, Greenville, *for respondent.*

Heard April 16, 1984.

Decided July 6, 1984.

SHAW, Judge:

This is an action for child support arrearages and attorney fees. The Family Court Judge awarded no amount for the alleged arrearages and ordered $400 in attorney's fees to be paid by the respondent-Mr. Bentrim to the appellant-Mrs. Bentrim. We affirm.

After a fourteen year marriage which produced three children [ages fifteen (15), twelve (12), and ten (10) at the time of the trial in August of 1981], the parties separated in June 1979. A Nevada divorce was obtained in January of 1980. Pursuant to the divorce decree, Mrs. Bentrim received custody of the children and child support of $200 per month per child.

In the summer of 1980, the parties entered into a private agreement whereby Mr. Bentrim received custody of the oldest child and assumed the support obligation therefor. Mrs. Bentrim's child support was reduced proportionately.

Mr. Bentrim initiated this action to obtain visitation privileges with his other two children. Mrs. Bentrim counterclaimed for an increase in child support, child support arrearages, alimony, and attorney's fees. She claims that $600 is owed in child support arrearages, not counting $255 received from Mr. Bentrim used to send one child to camp. Mr. Bentrim counts the $255 as child support; the remaining $345 balance was not paid because of the expenses Mr. Bentrim incurred in getting the oldest child relocated when Mrs. Bentrim refused to send the child's personal effects to Kentucky where Mr. Bentrim lives.

The trial judge awarded Mr. Bentrim visitation rights at his home during the summer and at Christmas and visitation privileges in South Carolina upon reasonable notice. Mrs.

Bentrim received an increase in child support of $50 per month per child and attorney's fees of $400 because she prevailed on the child support issue; no child support arrearages were awarded because the amount owed was offset by the expenses Mr. Bentrim incurred in obtaining custody of the oldest child; no alimony was awarded but the issue was left open for a future determination if necessary.

Mrs. Bentrim appealed from every ruling made by the trial judge. However, in the interim between the trial and this appeal, all of the issues have become moot or have been abandoned by Mrs. Bentrim with the exception of the child support arrearages and attorney fees.

This being an equity case decided by the trial judge without reference to a master or referee, we decide the issues in keeping with our view of the preponderance of evidence. *Bugg v. Bugg*, 277 S. C. 270, 286 S. E. (2d) 135 (1982).

In her exception to the trial judge's ruling concerning arrearages, Mrs. Bentrim states that the amount of the arrearages is $345. Her contention that the $255 used for camp expenses is not child support is not embodied in that or any other of her exceptions. Having failed in raise this issue in an exception, Mrs. Bentrim has thus waived it. *Simmons v. Ciba-Geigy Corporation*, 279 S. C. 26, 302 S. E. (2d) 17 (1983); *Reid v. Hardware Mutual Ins. Co.*, 252 S. C. 339, 166 S. E. (2d) 317 (1969); *Peoples National Bank v. Manos Brothers, Inc.*, 226 S. C. 257, 84 S. E. (2d) 857 (1954).

Mr. Bentrim testified that when he received custody of the oldest child, he desired to have the child's personal possessions also—i.e., bed, clothes, furniture for the clothes, and games. Mr. Bentrim was willing to have these items moved to Kentucky at his expense. Mrs. Bentrim refused to cooperate with the moving arrangements, for no apparent reason, forcing Mr. Bentrim to incur additional expenses on behalf of the child.

The trial judge found that Mr. Bentrim's additional expenses offset the arrearage owed despite the fact that Mr. Bentrim finally received these items some two months after the change in custody. The amount of child support to be awarded rests within the sound discretion of the trial judge; such an award will not be disturbed absent an abuse of discretion. *Graham v. Graham*, 253 S. C. 486, 171 S. E.

(2d) 704 (1970); *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975). We see no abuse of discretion here, particularly in light of Mrs. Bentrim's unreasonable refusal to cooperate.

The award of attorney's fees is also left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown. *Wood v. Wood,* 269 S. C. 600, 239 S. E. (2d) 315 (1977); *Smith v. Smith, supra.* Some of the factors to be considered in determining the amount of fees to be awarded are (1) the nature, extent and difficulty of the legal services rendered; (2) the time and labor necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results accomplished; and (6) the fee customarily charged in the locality for similar legal services. *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977); *Atkinson v. Atkinson,* 279 S. C. 454, 309 S. E. (2d) 14 (1983). There is no abuse of discretion here.

Affirmed.

SANDERS, C. J. and CURETON, J., concur.