0457

Lana S. WAGNER, Individually and E. Ross Wagner, Jr., Respondents,
v. Ervin R. WAGNER, Sr., Appellant.

(329 S. E. (2d) 788)

Court of Appeals

*Randall M. Chastain* and *Mary J. Larsen,* both of Columbia, *for appellant.*

*Eugene C. Griffith,* of *Griffith, Mays, Foster & Kittrell,* Newberry, *for respondents.*

Heard Feb. 27, 1985.

Decided May 1, 1985.

GARDNER, Judge:

Lana S. Wagner (the mother) and E. Ross Wagner, Jr. (the son) brought this action against Ervin R. Wagner, Sr. (the father) for support and maintenance for college expenses of the son, who was 18 years old at the time and planned to attend Newberry College. The trial court ordered the father to pay $200 per month as support toward the education of

the son. We reverse in part and remand.

The father first asserts that the son does not qualify for support beyond the age of 18.

Educational needs have been determined to be exceptional circumstances justifying under certain situations support payments of a dependent child beyond the age 18. *Risinger v. Risinger* 273 S. C. 36, 253 S. E. (2d) 652 (1979).

*Risinger* also contained the following pertinent language:

> We do not presume to list all circumstances under which a divorced parent may be ordered to help pay for the educational expenses of a child over 18 years of age. That determination must be left largely in the hands of our family court judges. Without holding that these are the only circumstances under which a family court's award is proper, we hold that a family court judge may require a parent to contribute that amount of money necessary to enable a child over 18 to attend high school and four years of college, where, as here, there is evidence that: (1) the characteristics of the child indicate that he or she will benefit from college; (2) the child demonstrates the ability to do well, or at least make satisfactory grades; (3) the child cannot otherwise go to school; and (4) the parent has the financial ability to help pay for such an education.

The trial judge in this case apparently found that the four enumerated factors were the criteria of establishing whether a father should be required to make child support payments for educational purposes. And he made specific findings of fact as to each of the above-named factors. He then held that the father was obligated to contribute $200 per month toward the education of the son at Newberry College.

A close reading of *Risinger* clearly shows that the court did not intend that these four factors be all inclusive. Since *Risinger* this court has published the case of *Hughes v. Hughes*, 280 S. C. 388, 313 S. E. (2d) 32 (Ct. App. 1984); in this case this court announced, with good reason the writer believes, two other considerations which must be taken into account when ordering support for an emancipated child to attend college; these are (1) the avail-

ability of grants and loans and (2) the ability of the child to earn income during the school year or on vacation.

This is the situation in which the father is obviously reluctant to contribute to his child's education. In such a situation, it is encumbent upon a child to assist, as far as possible, himself in his education. When the son was asked during the hearing in this case if he intended to work while attending college, he answered that he did not intend to work but intended to play football. The record does not disclose whether he believed that he would get a scholarship for playing football and thereby assisting his own education.

The record does disclose that the son had worked during the summer months and had accumulated the sum of $1,000 in savings which he intended to use as spending money while in college. This, we think, was commendable since Whitmire is a small town and jobs are probably not readily available; however, the question of whether the son intented to contribute to his own education was not thoroughly explored during the hearing. While we hold the evidence sustains the trial judge's findings of fact about the four factors specifically mentioned in *Risinger*, we remand for consideration of the two factors above set forth from *Hughes*.

The father next contends that the trial judge erred in the award of attorney's fees. We agree; there were no findings of fact made by the trial judge in accordance with *Bentrim v. Bentrim*, 282 S. C. 333, 318 S. E. (2d) 131 (Ct. App. 1984). We therefore reverse and remand for the additional purpose of determining appropriate attorney's fees. *Millis v. Millis*, 282 S. C. 610, 320 S. E. (2d) 66 (Ct. App. 1984).

The remaining exceptions pertaining to child support and visitation of a daughter, Nina Wagner, are moot; she is now emancipated.

For the reasons given, the appealed order is reversed in part and remanded.

Reversed in part and remanded.

CURETON, J., concurs.

GOOLSBY, J., dissents.

GOOLSBY, Judge (dissenting):

I respectfully dissent from the view taken by the majority

that the evidence in this case satisfies the criteria prescribed by the Supreme Court in *Risinger v. Risinger*, 273 S. C. 36, 253 S. C. (2d) 652 (1979).[1] In particular, I am unconvinced that the son proved by a preponderance of the evidence that he could not "otherwise go to school." 273 S. C. at 39, 253 S. E. (2d) at 653-54.

I recognize that the son applied for and received two grants and that he saved about $1,000.00. Still, he could do more. For instance, he could borrow money and he could work part-time during college. Many others have done so in their effort to get a college education.

Regarding any effort to borrow money, the son testified, "I haven't had to borrow — I haven't tried to borrow any but I could."

As to working part-time, he showed no intention of securing a part-time job. In the first place, he simply did not "believe [he] should have to pay anything ... to go to college." Moreover, he wanted to play football and he could not play football and work at the same time. He allowed that "football at a college is a year-round sport or a year-round thing. You're always doing something with that, whether it's off-season training, weight lifting, running. There wouldn't be any time [for a part-time job]."

While it is true the son at the time of the hearing had earned about $125.00 a month by helping his aunt around her yard and garden, he did not attempt to save it for college expenses. Rather, the money was "used for spending money to go out on the weekends."

---

[1] I note that the father did not challenge on equal protection grounds the constitutionality of the statute which *Risinger* interprets and on which the Supreme Court bases its holding, what is now Section 20-7-420(17) of the South Carolina Code of Laws (1976). It seems to me that a serious constitutional problem is presented in cases like the one here, given our Supreme Court's view of the equal protection clause. *Cf. Elam v. Elam*, 275 S. C. 132, 268 S. E. (2d) 109 (1980)(wherein statute abrogating parental immunity doctrine held unconstitutional on equal protection grounds because it applied only to motor vehicle accident cases); *Marley v. Kirby*, 271 S. C. 122, 245 S. E. (2d) 604 (1978) (wherein comparative negligence statute declared unconstitutional on equal protection grounds because it applied only to motor vehicle accidents). Is there any logical justification for the distinction our law apparently makes between adult children of divorced parents and either adult children of married parents or adult children of a widow or widower? *See* Note, *Domestic Relations*, 32 S. C. L. R. 105 at 118 (1980).

I know of no principle of law that requires a divorced parent to help an able-bodied adult child who will not help himself. Neither do I know of any principle that requires a divorced parent to subsidize an adult child's playing of college football.

In my view, *Risinger* should apply only where there is true hardship.

I would reverse.