23055

Alice D. BULL, Appellant v. Keith SMITH, Respondent.

In re Keith SMITH, Petitioner v. Alice D. BULL, Respondent.

Alice D. BULL, Petitioner v. Keith SMITH, Respondent.

(382 S. E. (2d) 905)

Supreme Court

*Frank B. Register, Jr.*, Lexington, *for appellant.*

*William R. Applegate*, West Columbia, *for respondent.*

Heard June 9, 1989.

Decided July 31, 1989.

TOAL, Justice:

Alice Bull appeals an Order of the Family Court requiring her to continue child support payments for her eighteen year old daughter, Doreen, to aid Doreen with her college education. Because the Family Court's Order and the record before us are insufficient to permit us to determine the propriety of the award, we reverse and remand for a trial *de novo* upon the issue.

## ISSUE
Did the Family Court abuse its discretion in requiring Ms. Bull to continue child support payments for Doreen, past Doreen's eighteenth birthday to assist Doreen in her college education?

## FACTS
Alice Bull, appellant, and Keith Smith, respondent, were divorced October 5, 1983. The divorce decree awarded Ms. Bull custody of both of the parties daughters, Wendy and Doreen. In October 1987, the older of the two girls, Doreen, moved to her father's home. By Order dated February 29, 1988, the Family Court awarded custody of Doreen to Mr. Smith and adjusted child support finding that Ms. Bull should provide $204.00 per month support for Doreen and Mr. Smith should provide $333.00 per month support for Wendy. The lower court required Mr. Smith pay $130.00 per month, which it miscalculated as the net difference of the two amounts.

The present action arose out of a dispute between the parties as to Ms. Bull's obligations under the prior Order following Doreen's eighteenth birthday, March 15, 1988, and graduation from high school in late May of 1988.

Mr. Smith requested, *inter alia*, that the Family Court require Ms. Bull to continue to be responsible for support for Doreen, as Doreen was attending college and needed assistance with her college expenses. The Family Court agreed, finding Doreen continued to need support from her mother and reasoning that a sufficient change of circumstances had not occurred justifying a modification of the prior support Order. This appeal followed.

## DISCUSSION

Child support awards are addressed to the sound discretion of the trial judge and, absent an abuse of discretion, will not be disturbed on appeal. *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706 (1984).

An ex-spouse's duty to support a child of the marriage ends by operation of law when the child turns eighteen. *Spires v. Higgins*, 271 S. C. 530, 248 S. E. (2d) 488 (1978). Under certain "exceptional circumstances," the family court may order a divorced parent to pay for the educational expenses of an emancipated child. *Risinger v. Risinger*, 273 S. C. 36, 253 S. E. (2d) 652 (1979). Thus, the lower court erred in applying a "change of circumstances" test in determining if Ms. Bull should provide support for Doreen's educational expenses past age eighteen.

A family court must consider the following factors in deciding whether exceptional circumstances exist which require a parent to contribute to the educational expenses of a child over age eighteen: (1) the characteristics of the child indicate that he or she will benefit from college; (2) the child demonstrates the ability to do well, or at least make satisfactory grades; (3) the child cannot otherwise go to school; (4) the parent has the financial ability to help pay for such an education; (5) the availability of grants and loans; and (6) the ability of the child to earn income during the school year or on vacation. *Nicholson v. Lewis*, 295 S. C. 434, 369 S. E. (2d) 649 (Ct. App. 1988).

The Family Court's Order found:

That the oldest child has been admitted to Midland Technical College in a two year Secretarial course. Her tuition is $250.00 per quarter. In addition, other funds will be needed for books, transportation, and other expenses related to college attendance. Such child is going to work taking care of two children and earning $70.00 per week. She definitely needs the support of both parties to complete such education. Respondent, Father is making substantial contributions in this regard.

The Family Court's Order fails to address several of the above factors. This Court may make an independent review of the record to make findings of fact where the family court's order fails to make such findings in compliance with Family Court Rule 26(a). *See Sealy v. Sealy,* 295 S. C. 281, 368 S. E. (2d) 85 (Ct. App. 1988). The record before this Court in the present appeal is insufficient to permit us to determine whether, under the factors set out above, Ms. Bull should be required to contribute to Doreen's educational expenses. Therefore, we reverse and remand the issue to the Family Court for further consideration. *Wagner v. Wagner,* 285 S. C. 430, 329 S. E. (2d) 788 (Ct. App. 1985) (where the family court has failed to make findings of fact with respect to each factor, a remand for further consideration is appropriate).

An additional problem exists with the Family Court's Order which this Court addresses in order to offer instruction to the court below upon remand. The Family Court permitted the support Ms. Bull was required to pay for Doreen to be offset against the support she was receiving for the parties' other, still minor child, Wendy. While in some instances such an offset might be appropriate, in this instance, Ms. Bull's duty to support Doreen ended by operation of law at Doreen's eighteenth birthday. Thus, the offset against the amount of support to be provided by Mr. Smith for Wendy also ended. Upon remand, the Family Court may find educational support to be appropriate; however, the support to the parties' other minor child must not be affected, unless the parties bring a separate action for modification of her support.

The Order of the Family Court on the issue of educational support for Doreen is reversed and remanded for further consideration.

GREGORY, C. J., CHANDLER and FINNEY, JJ., and C. BRUCE LITTLEJOHN, Acting Associate Justice, concur.