23955

Donna R. McDUFFIE, Marlaina Jean McDuffie and Donna R. McDuffie, as Guardian ad Litem for Melissa Leigh McDuffie, Petitioners v. Roy MC-DUFFIE and Ernest F. McDuffie, Jr., Personal Representative for E.F. McDuffie, Sr., Respondents.

(438 S.E. (2d) 239)

Supreme Court

*Eric P. Nelson, Cox, Nelson & Associates,* Myrtle Beach,

*for petitioners.*

*James B. Richardson, Jr., Svalina, Richardson & Smith,* Columbia, *for respondents.*

*P.F. Luke Hughes, Nelson, Mullins, Riley & Scarborough,* Myrtle Beach, *guardian ad litem* for *E.F. McDuffie, Sr.*

Heard Oct. 7, 1993.

Decided Nov. 8, 1993.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

CHANDLER, Associate Justice:

We granted certiorari to review the Court of Appeals' opinion reported at — S.C. —, 418 S.E. (2d) 331 (Ct. App. 1992). We reverse in part; we affirm in result.

### FACTS

The parties, Donna R. McDuffie (Mother) and E.F. McDuffie, Sr. (Father),[1] were married in 1965 and had two children, Nina, born in 1966, and Missy, born in 1970. They were divorced in 1978. Their 1977 separation agreement, incorporated into the 1978 divorce decree, provided:

> The *Husband agrees to be solely responsible for the expense of the above named children's college education, if any.* The husband agrees to pay *all expenses associated with such college education* of any of said children who might wish to attend college even though such child has attained his or her majority. (Emphasis supplied.)

The elder daughter, Nina, began Francis Marion College in 1985; Missy entered Coastal Carolina College in 1989. In 1990, Mother and Daughters instituted this action seeking (a) reimbursement for all of Nina's past college and living expenses[2] and (b) payment for Missy's first semester, as well as her future college expenses.

---

[1] Father died in April, 1992; the Personal Representatives have been substituted as parties.

[2] We are not concerned here with expenses of Nina; the Court of Appeals' opinion is affirmed as to its findings regarding her.

Based upon the divorce decree and this Court's opinion in *Risinger v. Risinger*,[3] Family Court ordered Father to pay reimbursement for Missy's first semester of college and, additionally, required him to pay *all* Missy's future expenses, to include: tuition, fees, room, board, transportation expenses, incidental costs, and $400 per month spending money.

Court of Appeals reversed in part, finding that Father was not obligated to pay Missy's automobile and incidental costs, or $400 per month allowance. It based the finding upon Missy's failure to fulfill "her duty to help minimize college expenses." 418 S.E. (2d) at 334. Father was, however, required to pay Missy's expenses in accordance with the divorce decree, i.e., tuition, fees, room, books and supplies.

We granted certiorari to review whether Court of Appeals erred in holding (a) that Missy was under a "duty to minimize college expenses," and (b) that Father was not required to pay Missy $400 per month, plus transportation and incidental expenses.

## DISCUSSION

Family Court and Court of Appeals relied upon *Risinger* in determining Father's obligation. *Risinger* held that, under certain exceptional circumstances, parents may be required to provide support for educational expenses of emancipated children. 273 S.C. at 39, 253 S.E. (2d) at 653-654. The availability of grants and loans, and the ability of the child to earn income, have been recognized as factors to consider in making such an award. *Bull v. Smith,* 299 S.C. 123, 382 S.E. (2d) 905 (1989); *Wagner v. Wagner,* 285 S.C. 430, 329 S.E. (2d) 788 (Ct. App. 1985).

However, a parent may *contractually* obligate himself to pay educational expenses of a child beyond the age of majority. *Stanaland v. Jamison,* 275 S.C. 50, 268 S.E. (2d) 578 (1980). Such agreements are not modifiable by the Court without the consent of the parties. *In re White,* 299 S.C. 385 S.E. (2d) 211 (Ct. App. 1989). Construction of the agreement is a matter of contract law. *Ellis v. Taylor,* — S.C. —, 427 S.E. (2d) 678 (Ct. App. 1992).

---

[3] 273 S.C. 36, 253 S.E. (2d) 652 (1979).

Here, nothing in the parties' agreement required daughters to minimize their college expenses. Accordingly, Father was bound by the agreement and was obligated to pay all college expenses. Missy was under no duty to minimize.[4] *Cf. In re White, supra.*

In determining Father's liability, Family Court found the phrase "all college expenses" plain and unambiguous and held that, in addition to tuition, book, fees, room, board and supplies, Father was liable to Missy for transportation and incidental costs, plus $400 per month spending. This was error.

We find the words "all college expenses," without more, patently ambiguous. Court of Appeals, in resolving the ambiguity, properly sought to determine the *intent* of the parties. *Mattox v. Cassady*, 289 S.C. 57, 344 S.E. (2d) 620 (Ct. App. 1986) (where property settlement agreement incorporated into divorce decree is ambiguous, court may consider parol evidence to ascertain intent of parties).

Here, in her testimony, Mother defined college expenses as "tuition, room, and board . . . books or supplies," and advised that she was willing to pay for transportation.

Under the parties' own definition of "all college expenses," Father was liable only for tuition, fees, room, board, books and supplies. Although Court of Appeals erred in holding that Missy had a duty to minimize her college expenses, it correctly held, under the terms of the agreement, that Father was not liable for transportation and incidental expenses or spending money.

## CONCLUSION

We reverse so much of the Court of Appeals' opinion as held that Missy had a duty to minimize college expenses. The remained of the opinion is affirmed.

Reversed in part, affirmed in result.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.

---

[4] Although this Court has recognized, *as factors*, the availability of grants and the ability of a child to earn income, *Bull v. Smith, supra*, we have never held that there is a *duty* under *Risinger* for a child to minimize college expenses.