**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Susan Y. Warren and Donna Y. Siler, Respondents,

v.

Ronald Yarborough, Individually and as Personal Representative, and as Trustee, In Re: Estates of Kathleen M. Yarborough and Legrand I. Yarborough, Appellant.

Appellate Case No. 2009-137486

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-401
Heard April 12, 2012 – Filed July 11, 2012

**AFFIRMED IN PART, REVERSED IN PART**

Robert B. Pearlman, of Pearlman & Pearlman, PC, of Mount Pleasant; Benjamin Goldberg, of Charleston, for Appellant.

Shirrese Brown Brockington and Joseph S. Brockington, both of Joseph S. Brockington, PA, of Charleston, for Respondents.

**PER CURIAM:** This case arises from a dispute between sisters Susan Warren and Donna Siler (collectively Respondents) and their brother, Ronald Yarborough (Appellant), over the estates of their parents, Legrand and Kathleen Yarborough (Father and Mother, respectively). In this consolidated appeal, Appellant appeals two circuit court orders, dated May 27, 2009 (2008-CP-10-2494) and September 1, 2009 (2008-CP-10-5398). We affirm in part and reverse in part.

1. As to whether the circuit court erred in reversing the probate court's finding that Mother had the requisite capacity to make a will, we reverse the circuit court's ruling that no evidence was produced to show Mother had the capacity to make a will. *See Hairston v. McMillan*, 387 S.C. 439, 445, 692 S.E.2d 549, 552 (Ct. App. 2010) ("An action to contest a will is an action at law, and in such cases reviewing courts will not disturb the probate court's findings of fact unless a review of the record discloses no evidence to support them."). Initially, we note the contestant of a will has the burden of establishing incapacity. *See* S.C. Code Ann. § 62-3-407 (2009); *Hairston*, 387 S.C. at 445, 692 S.E.2d at 552 (noting the party challenging the capacity of a testator bears the burden of proving incapacity by a preponderance of the evidence). Further, we find sufficient evidence in the record supports the probate court's finding that Mother had the capacity to execute a will. *See Hairston*, 387 S.C. at 445, 692 S.E.2d at 552 ("The test of whether a testator had the capacity to make a will is whether he knew (1) his estate, (2) the objects of his affections, and (3) to whom he wished to give his property."). Specifically, the testimony indicated Mother was "no pushover," "very sharp," and "clearly in control." Additionally, testimony indicated Mother did not want her sons-in-laws to receive any inheritance. Finally, the attorney who prepared the will and was present when Mother executed it testified there was "no question whatsoever" that Mother had the capacity to execute her will. As such, the circuit court erred in finding no evidence to supported the probate court's findings. *See In re Estate of Weeks*, 329 S.C. 251, 264-65, 495 S.E.2d 454, 462 (Ct. App. 1997) (affirming the circuit court's finding that evidence supported the probate court's determination that testator had capacity to execute will when testator was confused as to the extent of the estate and evidence showed testator specifically wished to disinherit son); *Hairston*, 387 S.C. at 446, 692 S.E.2d at 552 ("A person may execute a valid will, even if he or she is not competent to transact ordinary, everyday affairs."); *cf Hellams v. Ross*, 268 S.C. 284, 288-90, 233 S.E.2d 98, 100-01 (1977) (reversing trial court's refusal to grant directed verdict when testator was "habitual drunkard" but no evidence suggested testator was intoxicated at the time the will was executed).

2.     As to whether the circuit court erred in invalidating the deeds, we affirm. *See Vereen v. Bell*, 256 S.C. 249, 251-52, 182 S.E.2d 296, 297 (1971) (applying an equitable standard of review on appeal for an action to rescind and cancel a deed for lack of capacity); *Moore v. Benson*, 390 S.C. 153, 163, 700 S.E.2d 273, 278 (Ct. App. 2010) ("An action alleging a breach of fiduciary duty is an action at law but 'may sound in equity if the relief sought is equitable.'" (quoting *Verenes v. Alvanos*, 387 S.C. 11, 17, 690 S.E.2d 771, 773 (2010))).   Initially, we note that the November 20, 1996 probate court order declaring Mother unfit to "dispose of property, real or personal; to execute legal instruments or documents, with the exception of a will, to enter into contractual relationships in any amount in excess of One Hundred Dollars" was not appealed and is therefore the law of the case. *See Georgetown Cnty. League of Women Voters v. Smith Land Co.*, 393 S.C. 350, 357, 713 S.E.2d 287, 291 (2011) (providing an unappealed ruling, right or wrong, is the law of the case).  Further, the probate court order dated November 20, 2007, wherein the court found Appellant had "breached his duty as Trustee of [Mother's] trust," was not appealed by Appellant.  Thus, the findings of the probate court pertaining to Appellant's breach of trust are the law of the case. *See id.*  In any event, we find the execution of the deeds by Mother dated July 14, 1998; August 24, 1998; December 22, 2000; and March 9, 2001, to Appellant as trustee and individually violated the November 20, 1996 order.  Therefore, the circuit court correctly declared the deeds null and void.

3.     As to whether the the probate court misapplied section 62-1-308(c) of the South Carolina Code, we find the probate court correctly exercised jurisdiction over the case. *See* S.C. Code Ann. § 62-1-308(c) (2009) ("When an appeal according to law is taken from any sentence or decree of the probate court, all proceedings in pursuance of the order, sentence, or decree appealed from shall cease until the judgment of the circuit court, court of appeals, or Supreme Court is had."); *Ulmer v. Ulmer*, 369 S.C. 486, 492, 632 S.E.2d 858, 861 (2006) ("Section 62-1-308(c) does not apply to all orders of the probate court concerning the parties. The only proceedings required to cease are those proceedings addressed in the orders from which an appeal was taken.").  Specifically, we find the probate court was not divested of jurisdiction because the July 29, 2008 hearings concerned the Merrill Lynch and Jyske bank accounts, both of which were not subject to any appeal from the November 20, 2007 order.  Rather, the July 29, 2008 hearing was triggered by Appellant's failure to comply with the probate court's orders dated February 12, 2008, and April 1, 2008, wherein Appellant agreed he was in possession of funds and agreed to distribute the funds owed to Respondents immediately.  Appellant never objected to the court's jurisdiction at the time of

these hearings. Thus, the probate court properly exercised jurisdiction over the July 29, 2008 hearing and subsequent order issued August 15, 2008.

4.      As to whether the circuit court erred in affirming the probate court's finding that Father's will created a trust, we affirm. *See Epworth Children's Home v. Beasley*, 365 S.C. 157, 164, 616 S.E.2d 710, 714 (2005) ("When reviewing an action at law, on appeal of a case tried without a jury, the appellate court's jurisdiction is limited to correction of errors at law. The appellate court will not disturb the judge's findings of fact as long as they are reasonably supported by the evidence."). Specifically, we find Items III, IV, and VIII of Father's will effectively created a trust for the benefit of Mother, naming Appellant as trustee. *See id.* ("A testamentary trust arises when a testator, in his will, declares the creation of a trust, identifies the property to which the trust pertains, and names a trustee and a beneficiary." (citing *Johnson v. Thornton*, 264 S.C. 252, 257, 214 S.E.2d 124, 127 (1975))). Therefore, the circuit court did not err in affirming the probate court's interpretation of Father's will.

5.      As to whether the circuit court erred in affirming the probate court's award of costs and fees, we affirm. Initially, we note the probate court's August 15, 2008 order specifically ordered Appellant to pay Respondents' "costs, expenses, and attorney[']s fees" related to the "revealing and showing" of "the breaches of trust" by Appellant. As such, the probate court was not without authority to award fees and costs. *See* S.C. Code Ann. § 62-7-1004 (2009) ("In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy."). Further, we find no abuse of discretion in awarding Respondents' fees and costs due to Appellant's breaches of trust. *See Taylor, Cotton & Ridley, Inc. v. Okatie Hotel Grp., LLC*, 372 S.C. 89, 100, 641 S.E.2d 459, 464 (Ct. App. 2007) ("The award of attorneys' fees is left undisturbed absent abuse of the trial court's discretion.").

6.      As to whether the probate court erred in imposing sanctions against Appellant when he had been removed as personal representative, we find this issue is unpreserved for review because Appellant raised the issue for the first time in a motion to alter or amend. *See Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) [,SCRCP] motion which could have been raised at trial."). Even if we were to reach the merits of the issue, we would affirm. The probate court's order of August 15, 2008, does not sanction Appellant in his capacity as personal

representative, but rather in his capacity as trustee for the Merrill Lynch and Jyske accounts. In any event, Appellant could have complied with the court's August 15, 2008 order regardless of being stripped as personal representative. This is evident by the alleged June 19, 2008 letter received from the Jyske Bank in Switzerland, wherein the bank informed Appellant that "if your sisters want the equities transferred we need a safe custody account number instead of the regular account number as well as a contact person in each of the banks." Further, Appellant did in fact reimburse Respondents $43,280.00 shortly before the July 29, 2008 hearing. As such, Appellant's argument that he no longer had control of the said accounts is without merit.

7. As to whether the probate court failed to accurately determine the amount of improper disbursements, we affirm. *See Church v. McGee*, 391 S.C. 334, 342, 705 S.E.2d 481, 485 (Ct. App. 2011) ("'In an equitable action tried without a jury, the appellate court can correct errors of law and may find facts in accordance with its own view of the preponderance of the evidence.'" (citations omitted)). In its order dated August 15, 2008, the probate court listed exactly what the improper distributions amounted to. The circuit court affirmed, stating the probate court had an ample basis for its findings. We agree and affirm the probate court's findings as to the improper distributions because a preponderance of evidence in the record supports the probate court's findings.

**AFFIRMED IN PART, REVERSED IN PART.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**